**IN THE COURT OF APPEALS OF IOWA**

No. 15-0215
Filed June 10, 2015

**IN THE INTEREST OF K.B.,**
      **Minor Child,**

**D.T., Father,**
      Appellant.
_____

      Appeal from the Iowa District Court for Woodbury County, Julie Schumacher, District Associate Judge.


      A father appeals the termination of his parental rights to a child. **AFFIRMED.**


      Douglas L. Roehrich of Roehrich Law Office, L.L.C., Sioux City, for appellant.

      Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Patrick Jennings, County Attorney and Diane M. Murphy, Assistant County Attorney, for appellee.

      Daniel P. Vakulskas of Vakulskas Law Firm, P.C., Sioux City, for mother.

      Mercedes S. Ivener, Sioux City, attorney and guardian ad litem, for minor child.


      Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

A father appeals the termination of his parental rights to a child.[1] He claims the State has not proved the statutory grounds for termination by clear and convincing evidence, termination is not in the child's best interests, and a statutory exception weighs against termination. We find the State has presented clear and convincing evidence the father has failed to maintain significant and meaningful contact with the child for at least the past six months, termination is in the child's best interests, and the juvenile court properly declined to exercise its discretion and find an exception to termination. We affirm the juvenile court order.

## I.     BACKGROUND FACTS AND PROCEEDINGS

The child, K.B., was born in 2012. K.B. first came to the attention of the Iowa Department of Human Services (DHS) in February 2014 due to her mother's drug and alcohol abuse. On February 20, K.B. was removed from the mother's care and placed in the custody of the DHS for placement with a relative. K.B.'s father was in prison at this time and had been since March 21, 2013. The father had been convicted of three counts of possession with intent to deliver a controlled substance, and was sentenced to a fifteen-year sentence; without a mandatory minimum period of incarceration. His discharge date is set for 2019; though he is hopeful he would be released and paroled to the Sioux City area as early as June 2015, after successful completion of a substance abuse treatment program and attainment of a GED.

[1] The mother's parental rights were also terminated by the juvenile court, and she does not appeal.

K.B. was adjudicated a child in need of assistance (CINA) on March 24, pursuant to Iowa Code sections 232.2(6)(b), (c)(2), and (n) (2013). The court found K.B. could not be returned to the parents' custody due to imminent risk to her safety and health.

After holding a hearing, the juvenile court issued an order terminating the mother's and the father's parental rights to K.B. The court recognized the father's paternity of K.B. had only been established four months prior to the hearing. However, the court reasoned:

> [The father] testified that he has always known [K.B.] was his daughter. [The father] has not assumed roles normally associated with parenthood, responsibilities of case permanency plans and has done nothing to maintain a place of importance in the child's life. [The father] has been incarcerated for all but three months of [K.B.'s] life. During the three months he was out, he did provide some financial assistance, but has provided no further assistance since that time. Since [K.B.'s] placement with his mother as a relative placement in late-November 2014, he has talked to [K.B.] on the phone. The Court finds that does not rise to the level of substantial and meaningful contact with the child. At the time the phone contact began, [K.B.] had been out of parental custody for nearly eight months. [The father] obtained his GED while incarcerated. [The father] has not yet completed a substance abuse class while in prison. He is currently working in the kitchen at the correctional facility. [The father] has another child who resides with that child's mother. That little boy, like [K.B.], is two years old.

The court found K.B. could not be returned to the care of either parent at the present time and terminated the father's parental rights pursuant to Iowa Code sections 232.116(1)(e) and (h). The father appeals from this order.

## II. STANDARD OF REVIEW

Our review of termination decisions is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's findings, especially

assessing witness credibility, although we are not bound by them. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under section 232.116. *Id.* Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

## III. DISCUSSION

Iowa Code chapter 232, concerning the termination of parental rights, follows a three-step analysis. *P.L.*, 778 N.W.2d at 39. The court must first determine whether a ground for termination under section 232.116(1) has been established. *Id.* If a ground for termination has been established, the court must apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in termination of parental rights. *Id.* Finally, if the statutory best-interest framework supports termination of parental rights, the court must consider if any of the statutory exceptions set out in section 232.116(3) weigh against the termination of parental rights. *Id.*

### A. Grounds for Termination

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by the record. *D.W.*, 791 N.W.2d at 707. Iowa Code section 232.116(1)(e) provides that termination may be ordered when the child has been adjudicated a CINA, the child has been removed from the physical custody of the parent for a period of at least six consecutive months, and there is clear and convincing evidence

"the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so." Significant and meaningful contacts can include:

> [T]he affirmative assumption by the parents of the duties encompassed by the role of being a parent. This affirmative duty, in addition to financial obligations, requires continued interest in the child, a genuine effort to complete the responsibilities prescribed in the case permanency plan, a genuine effort to maintain communication with the child, and requires that the parents establish and maintain a place of importance in the child's life.

Iowa Code § 232.116(1)(e)(3).

Here, the father claims the court erred in its application of the third factor of section 232.116(1)(e), because the DHS has not put forth reasonable efforts to allow him an opportunity to resume care of K.B. upon his release. We agree with the juvenile court's reasoning that the father's phone conversations with K.B. in the past months are insufficient to demonstrate an "affirmative assumption" of the "duties encompassed by the role of being a parent." The record shows the father has been aware since February 2014 (when he received the notice concerning the temporary removal) his parental rights could be terminated in the future if he did not act. At the same time, the father was informed of his right to be represented by counsel, and to complete an application for court-appointed-counsel if he could not afford an attorney. The father inexplicably waited until November (ten months later) to request counsel. Further, the record shows the father did not request services even though he was informed of this right. For all but three months of K.B.'s life the father has been in prison. Only in the few

months prior to the termination hearing has the father attempted to act as a parent to K.B. "A parent cannot wait until the eve of termination, after the statutory time periods for reunification have expired, to begin to express an interest in parenting." *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000)

For these reasons, we find the father has failed to "make an affirmative assumption . . . of the duties encompassed by the role of being a parent," thus satisfying the third factor of 232.116(1)(e)(3). We find clear and convincing evidence the father has not maintained significant and meaningful contact with K.B. during the previous six months; pursuant to section 232.116(1)(e)(3); termination is appropriate.

### B.     Best Interests of the Child.

Even if a statutory ground for termination is met, a decision to terminate must still be in the best interests of a child after a review of section 232.116(2). *P.L.*, 778 N.W.2d at 37. In determining the best interests of the child, we give primary consideration to "the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional conditions and needs of the child." *See* Iowa Code § 232.116(2). Encouragingly, we note K.B. resides with her paternal grandmother. The grandmother is willing and able to adopt K.B. We see no reason to disrupt this arrangement. For the reasons listed above, we find it is in the best interests of the child to terminate the father's parental rights.

**IV.  CONCLUSION**

There is clear and convincing evidence that grounds for termination exist under section 232.116(1)(e), termination of the father's parental rights is in the child's best interests pursuant to section 232.116(2), and no consequential factor weighing against termination in section 232.116(3) requires a different conclusion.  Accordingly, we affirm the termination of the father's parental rights.

**AFFIRMED.**